**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 1, 2025

**By ECF**
The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re: *United States v. Moshe Berger*, 24 Cr. 172 (RA)

Dear Judge Abrams:

      The Government respectfully writes on behalf of the parties to jointly request changes to the conditions of pretrial release, to provide a status update to the Court, and to jointly request an approximately three-month adjournment of the next conference in this case, which is currently scheduled for May 2, 2025.

      First, the parties respectfully jointly request that the Court add as a pretrial release condition that the defendant be directed to participate in mental health and anger management treatment, as directed by Pretrial Services. In light of the defendant's mental health condition, as documented in the defense's mitigation submission, the parties believe that such treatment could benefit the defendant. The Government has conferred with the defendant's assigned Pretrial Services Officer, who indicated that he can connect the defendant with appropriate treatment if the condition is added by the Court.  Indeed, Pretrial Services supports the addition of this condition.

      Second, the parties respectfully jointly request that the Court modify the pretrial release conditions governing the defendant's movement because the defendant has obtained housing in Monsey, New York, and in light of the defendant's difficulties comprehending previous conditions. Specifically, the parties request that the Court modify the conditions as follows:

- Remove the current condition restricting the defendant's travel to the five boroughs, except for with permission of Pretrial services; instead, restrict the defendant's travel to the Southern District of New York, the Eastern District of New York, and the District of New Jersey.
- Remove the current condition prohibiting the defendant from traveling within 300 yards of seven locations listed on the Bond (Dkt. 5) (the "Prohibited Locations"); instead, prohibit the defendant from going to the Prohibited Locations themselves.
- In addition to the current condition prohibiting the defendant from contacting the victim in this case, which should remain in place, add a condition prohibiting the defendant from contacting any witnesses in this case, including the people identified in the Complaint as "Friend-1" and "Friend-2."

With these changes, the jointly proposed bail conditions are as follows:

$50,000 personal recognizance bond, to be co-signed by one financially responsible person. Travel restricted to S.D.N.Y., E.D.N.Y., and D.N.J. Surrender travel documents and make no new applications. Pretrial supervision as directed by Pretrial Services. Participate in mental health and anger management treatment as directed by Pretrial Services. Stand-alone location monitoring through GPS. Defendant not to knowingly approach officers involved in the arrest or investigation of this case. Defendant not to contact the victim or any witness in this case, including the people identified in the Complaint as "Friend-1" and "Friend-2." Defendant not to go to any of the following locations:

> 9 Gibbs Ct
> Monsey, NY
>
> Kahal Das Shulom Shatz
> 6 Butterman Pl
> Monsey, NY 10952
>
> Cong. Shaarei Chesed
> 92 N Saddle River Rd
> Monsey, NY 10952
>
> 16 Victoria Dr
> Airmont, NY 10901
>
> 7 Van Buren Dr
> Kiryas Joel, NY 10950
>
> 99 NY-59
> Monsey, NY 10952
>
> Valet Collision
> 38 West Street
> Spring Valley, NY 10977

Again, Pretrial Services is supportive of the parties' proposed modifications to the conditions of the defendant's release.

Finally, as the Court is aware, the defense has provided a mitigation submission to the Government. The Government is continuing to evaluate that submission, including based on the defendant's participation in his mental health and anger management treatment, if the Court imposes such a condition. To that end, the parties respectfully request that the Court adjourn the upcoming status conference in this matter until approximately early August. By that time, the Government anticipates reaching a determination on the defendant's mitigation submission,

informed in part by the extent of the defendant's compliance with the conditions of pretrial release in the interim.

The Government also requests exclusion of time, for purposes of the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A), until the date of that next conference to permit the Government to complete its evaluation of the mitigation submission and for the parties to confer about a potential resolution of this action. The defendant consents to this exclusion of time.

Respectfully submitted,

JAY CLAYTON
United States Attorney

by:
James Mandilk
Assistant United States Attorney
(212) 637-2453

cc: Hanna Shoshany, Esq. (by ECF)
    Jonathan Lettieri, U.S. Pretrial Services Officer (by email)

The Court approves the proposed modifications of Mr. Berger's bail conditions.  Mr. Berger shall participate in mental health and anger management treatment, as directed by Pretrial Services. The status conference is adjourned to August 8, 2025 at 10:30 a.m. Time is excluded until August 8, 2025, under the Speedy Trial Act, pursuant to 18 U.S.C. Section 3161(h)(7)A).

SO ORDERED.

_____
Ronnie Abrams, U.S.D.J.
May 2, 2025