UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MOSHE BERGER,<br><br>Defendant. | No. 24-CR-172<br><br><u>ORDER</u> |

RONNIE ABRAMS, United States District Judge:

The Court has received the attached letter from Mr. Berger, copied to the Government and his attorney, seeking access to discovery in this case. No later than July 21, 2026, counsel for Mr. Berger and for the Government shall jointly submit a letter to the Court concerning the status of discovery and Mr. Berger's access to the same.

SO ORDERED.

Dated: July 14, 2026
New York, New York

Ronnie Abrams
United States District Judge

TRULINCS 00275511 - BERGER, MOSHE - Unit: BRO-K-B

---

FROM: 00275511
TO:
SUBJECT: 24-CR-172 (RA) - U.S.A. v. Moshe Berger
DATE: 07/03/2026 02:24:14 PM

Judge Ronnie Abrams (RA)
United States District Judge (SDNY)
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, N.Y. 10007-1312

[DATE - 07/01/2026]

[SENT VIA REGULAR U.S. AND LEGAL MAIL FROM MDC BROOKLYN]

RE: CASE NIMBER - 24-CR-172 (RA)

Your Honorable,

I am represented by the highly respected CJA, Stephen Turano. I have met with him on approximately four occasions. I have repeatedly requested basic case related information from counsel so I can make informed, credible decisions about the many critical case issues and case facts during my interim, unwarranted incarceration.

Normally, counsel would be able to resolve the issues presented here by the defendant however, there are extraordinary circumstances i.e., incarceration, disabled defendant, limited access to counsel, records and the courts due to daily lock downs etc.

Please issue a court ORDER to compel counsel and or the government where applicable to provide the defendant with the following:

A. Provide me (the defendant) with all Rule 16 discovery in paper and electronic form. The paper form is required due to daily lock downs at the MDC prison where I am incarcerated. I have been waiting over two years for the Rule 16, it is long over due. The defendant does not have access to pacer or his docket from MDC Brooklyn prison and does not recall any restrictions related to Rule 16 discovery

B. ORDER counsel to provide a courtesy copy of the entire case docket with updates as they come

C. ORDER counsel to provide the defendant with status of the pending Motion to Dismiss, renewal etc.

D. Perhaps again remind the government of their Brady disclosures, obligations due to the facts in hand by the defense confirming that the government may have failed to disclose exculpatory, violated Brady and Fed.Rule. Crim.P. 16

E. Counsel has discouraged filing the instant letter

F. See EXHIBIT A for Fed.R.Crim.P. 16

G. See EXHIBIT B COURT ORDER regarding Brady obligations

Respectfully Submitted,
/s/ Moshe Berger - Reg.# 00275-511

X MOSHE BERGER M.B

Cc: AUSA James Mandilk and CJA Stephen Turano

EXHIBIT A

16 Bender's Federal Practice Forms, Form CrR16:1 et seq., Federal Rules of Criminal Procedure.

## Rule 16.1. Pretrial Discovery Conference; Request for Court Action

**(a) Discovery Conference.** No later than 14 days after the arraignment, the attorney for the government and the defendant's attorney must confer and try to agree on a timetable and procedures for pretrial disclosure under Rule 16.

**(b) Request for Court Action.** After the discovery conference, one or both parties may ask the court to determine or modify the time, place, manner, or other aspects of disclosure to facilitate preparation for trial.

**HISTORY:** Added April 25, 2019; eff. Dec. 1, 2019.

### HISTORY; ANCILLARY LAWS AND DIRECTIVES

**Other provisions:**

**Notes of Advisory Committee on 2019 amendments.** This new rule requires the attorney for the government and counsel for the defendant to confer early in the process, no later than 14 days after arraignment, about the timetable and procedures for pretrial disclosure. The new requirement is particularly important in cases involving electronically stored information (ESI) or other voluminous or complex discovery.



© 2026 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

EXHIBIT B

United States District Judge

**UNITED STATES OF AMERICA -v- MOSHE BERGER, Defendant.**
**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**
**2024 U.S. Dist. LEXIS 65362**
**24-CR-172 (RA)**
**April 5, 2024, Decided**
**April 5, 2024, Filed**

**Counsel** {2024 **U.S. Dist. LEXIS 1**}For **Moshe Berger**, aka: Sealed Defendant 1, Defendant: Hannah McCrea, LEAD ATTORNEY, Federal Defenders of New York, New York, NY USA.

U.S. Attorneys: James Mandilk, LEAD ATTORNEY, USAO, New York, NY USA.

**Judges:** Ronnie Abrams, United States District Judge.

**Opinion**

**Opinion by:** Ronnie Abrams

**Opinion**

ORDER

Ronnie Abrams, United States District Judge:

This Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f), to confirm the Government's disclosure obligations under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and its progeny, and to summarize the possible consequences of violating those obligations.

The Government must disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" and that is known to the Government. *Id.* at 87. This obligation applies regardless of whether the information would itself constitute admissible evidence. The Government shall disclose such information to the defense promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case.

As part of these obligations, the Government must disclose any information that can be used to impeach the trial testimony of a Government witness within the meaning of *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972), and its progeny. Such information must{2024 **U.S. Dist. LEXIS 2**} be disclosed sufficiently in advance of trial in order for the defendant to make effective use of it at trial or at such other time as the Court may order.

The foregoing obligations are continuing ones and apply to materials that become known to the



© 2026 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Government in the future. Additionally, if information is otherwise subject to disclosure, it must be disclosed regardless of whether the Government credits it.

In the event the Government believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of its obligations, which may include in camera review or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure.

For purposes of this Order, the Government includes all current or former federal, state, and local prosecutors, law-enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant is charged. The Government has an affirmative obligation{2024 U.S. Dist. LEXIS 3} to seek from such sources all information subject to disclosure under this Order.

If the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may:

(1) specify the terms and conditions of such production;

(2) grant a continuance;

(3) impose evidentiary sanctions;

(4) impose sanctions on any responsible lawyer for the Government;

(5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6) enter any other order that is just under the circumstances.

SO ORDERED.

Dated: April 5, 2024

New York, New York

/s/ Ronnie Abrams

United States District Judge



© 2026 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Moshe Berger -00275511
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, N.Y. 11232-9002

MID-ISLAND NY
7 JUL 2026 PM

USA FOREVER

SDNY

Judge Ronnie Abrams (RA)
United States District Judge (SDNY)
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, N.Y. 10007-1312

Legal Mail

10007-131608