UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

MOSHE BERGER,

Defendant.

No. 24-CR-172

ORDER

RONNIE ABRAMS, United States District Judge:

Defendant Moshe Berger has filed two *pro se* letters with the Court. Although Mr. Berger states that he has "no assets available at this time other than the assets that the alleged victim(s) verifiably stole from him," he seeks to "substitute CJA counsel with retained counsel(s) of choice." He contends that his current CJA counsel, Stephen Turano, lacks adequate "time and economic resources to mount even a minimally effective criminal defense." Mr. Berger also seeks, among other things, an emergency temporary restraining order "return[ing]" the "assets" he claims he was defrauded of by "alleged victim(s)." The applications are denied.

The Second Circuit has been clear that although "a defendant has a right to counsel of his choice under the Sixth Amendment, it is not an absolute right. Absent a conflict of interest, a defendant in a criminal case does not have the unfettered right to retain new counsel." *United States v. Brumer*, 528 F.3d 157, 160 (2d Cir. 2008). It is within a district court's discretion whether to grant a request to substitute counsel. *Id.* In reviewing orders denying applications to substitute counsel, the Circuit has described several factors that guide a court's handling of such a request, including whether there was a "total lack of communication preventing an adequate defense" and "whether the defendant substantially and unjustifiably contributed to the breakdown in communication." *U.S. v. John Doe No. 1*, 272 F.3d 116, 123–24 (2d Cir. 2001).

Mr. Turano is Mr. Berger's fifth attorney in this case. Mr. Berger was initially assigned counsel from the Federal Defenders, whom he sought to relieve. He was then represented by retained counsel, Hanna Shoshany, whom Mr. Berger terminated. After the Court appointed Harvey Fishbein from the CJA panel to represent Mr. Berger, he instead hired yet another private attorney, Steven Yurowitz, whom he sought to relieve weeks later. Most recently, the Court appointed Mr. Turano from the CJA panel to represent Mr. Berger. When Mr. Berger sought to terminate Mr. Yurowitz ahead of its appointment of Mr. Turano, the Court warned him that he would not be permitted to delay proceedings by continually seeking to "choreograph[] special appearances by counsel or alternate his position on counsel." Dkt. No. 72 (Tr. of May 1, 2026 hearing), 2:21–3:8.

Mr. Turano is, as Mr. Berger acknowledges, a well-respected lawyer who has, from the Court's perspective, provided Mr. Berger first-rate advocacy. The application to replace Mr. Turano is thus denied at this time. Not only does the Court disagree with Mr. Berger that his counsel lacks "adequate time or economic resources to mount an effective, timely defense," but to the extent that Mr. Turano requires additional assistance to effectively represent Mr. Berger, he may make an application with the Court. If Mr. Berger seeks to make any additional motions, he shall discuss those with Mr. Turano.

SO ORDERED.

Dated: September 2, 2026
New York, New York

Ronnie Abrams
United States District Judge